**UNITED STATES**

v.

**Needham C. BARBOUR, 246 92 2908, Fireman (E-3) U. S. Navy.**

**NCM 78 1413.**

U. S. Navy Court of Military Review.

15 Jan. 1979.

CDR S. Gaeta, Jr., JAGC, USN, Appellate Defense Counsel.

LT J. G. VanWinkle, JAGC, USNR, Appellate Government Counsel.

Before DUNBAR, GREGORY and GLADIS, JJ.

GREGORY, Judge:

In his single assignment of error on appeal, appellant contends that the military judge made an inadequate inquiry into the existence of a plea bargain. On two occasions, the military judge inquired whether a pretrial agreement existed in this case and was advised by the trial counsel that there was none. (R. 5, 10). Nothing was heard from appellant or his counsel on this point.

Appellant argues that this questioning by the military judge was not complete enough to satisfy the requirements of *United States v. Green,* 1 M.J. 453 (C.M.A.1976). He notes that *Green* requires the military judge to ascertain whether a "plea bargain" exists and that in military practice the term "pretrial agreement" has come to connote merely a written document. *See United States v. Johnson,* 2 M.J. 541, n.1 (A.C.M.R.1976). He indicates "plea bargain" includes more than "pretrial agreement." Appellant contends the military judge in this case was obligated to inquire also of the accused and his counsel to determine whether any informal agreements existed between counsel or between the accused and the convening authority.

An almost identical issue was presented and found to be without merit in *United States v. May,* No. 78 0149 (N.C.M.R. 22 August 1978). Although we considered a military judge to be well-advised to address the existence of a plea bargain with the accused personally, we found no error in a failure to do so. We also indicated that we considered it almost impossible that an accused could enter into an agreement concerning his trial or his pleas without his counsel's knowledge. Finally, we noted that counsel are under an ethical duty to respond truthfully to a military judge's in-

quiry and that an opposing counsel would be obligated to come forward and inform the military judge if he was not in agreement with his trial counterpart's representations to the military judge. *Cf. United States v. Bobko,* No. 77 2250 (N.C.M.R. 28 March 1978).

A military judge is justified in relying on the responses he receives from counsel. In this case, it was proper for the military judge to infer from the response of trial counsel that no agreements of any kind existed. No further inquiry was required. *United States v. May, supra; United States v. Hlavaty,* No. 77 1671 (N.C.M.R. 10 March 1978), *pet. denied* 5 M.J. 270 (C.M. A.1978).

Accordingly, the findings of guilty and the sentence as approved on review below are affirmed.

Senior Judge DUNBAR and Judge GLADIS concur.