**UNITED STATES, Appellee,**

v.

**Vance MYLES, Sergeant, U. S. Marine Corps, Appellant.**

No. 36,146.
NCM 78 0106.

U. S. Court of Military Appeals.

June 25, 1979.

Appearances: For Appellant—*Commander Sebastian Gaeta, Jr.,* JAGC, USN (argued).

For Appellee—*Lieutenant Commander Paul B. Thompson,* JAGC, USN (argued); *Commander T. C. Watson, Jr.,* JAGC, USN (on brief).

Opinion

FLETCHER, Chief Judge:

The facts necessary to decide this matter are as follows. The appellant was charged with 30 specifications of various violations of the Uniform Code of Military Justice. He offered to plead guilty to four of these specifications. The military judge, during the plea inquiry, asked about the existence of a pretrial agreement. *Both counsel assured him there was no pretrial agreement.* The pleas were accepted by the military judge. The Government then withdrew the remaining 26 specifications with prejudice.[1] After an opinion by the Navy Court of Military Review,[2] a letter was filed with

1. The appellant was sentenced by the military judge, sitting alone at the general court-martial, to a bad-conduct discharge, confinement at hard labor for 3 months, forfeiture of $300 pay per month for the same period and reduction to the grade of E–1.

2. The United States Navy Court of Military Review set aside the finding of guilty as to one

this Court by the trial defense counsel stating that there was a verbal agreement with the convening authority that the remaining specifications would not be prosecuted in return for the acceptance of certain pleas of guilty.

The question before the Court is whether the pleas of guilty were rendered improvident as a result of an unexposed agreement as to the withdrawal of most of the charges and specifications in exchange for pleas of guilty to the remaining offenses. Our answer to this question is in the negative.

The alleged basis for the improvidence of the guilty pleas in the present case is the failure of the military judge to inquire into the existence of a sub rosa agreement. It is asserted that a guilty plea accepted with an unexposed plea agreement violates the mandate of *United States v. Green,* 1 M.J. 453 (C.M.A.1976). It should be noted that here there is no complaint by the appellant that the terms of the unannounced pretrial agreement were not complied with or that the agreement was determinative in causing him to enter an involuntary plea of guilty or that some portion of the agreement was against public policy. His sole complaint is that the military judge did not uncover the existence of the agreement.

First, let us turn our attention to *United States v. Green, supra.* This decision, similar to Fed.R.Crim.P. 11 requires judicial inquiry into the existence and terms of all pretrial agreements affecting an accused. It is a two-edged sword; one side is for the protection of the defendant going directly to the question of voluntariness of the guilty plea and its accordance with public policy; the other inures to the benefit of the Government so as to preclude frivolous post-trial attacks on valid guilty pleas.[3] The idea is for the military judge to insure the validity of the accused's plea and to create a record so appellate courts may evaluate the same. Our decision in *United States v. King,* 3 M.J. 458 (C.M.A.1977), reinforced our serious concern as to these questions by mandating automatic reversal where the judge erred in conducting the required inquiry.

In the present case the military judge complied with our mandate in *United States v. Green, supra.* He inquired into the existence of a pretrial agreement in the case. In absence of disclosure of the existence of such an agreement by both counsel, we cannot fault the military judge for the failure of the terms of such agreement or any sub rosa agreements to be spread on the record of trial. His knowledge and our appellate review are limited by both counsel's lack of candor. This is not a question of compliance by the military judge with the procedure of *United States v. Green, supra,* and accordingly, our holding in *United States v. King, supra* is not applicable.

This is not a case of judicial error, but of counsel failure. The disposition prescribed in *United States v. King, supra,* for judge error, is reversal. The test prescribed under the law for omission of counsel does not necessitate such a drastic remedy. If the breach of a counsel's obligation to his client or the court is of the magnitude to rise to inadequate representation, then in that event a new trial must be ordered.[4] Anything short of a finding of inadequate representation must be tested for prejudice to see if the error materially affected the substantial rights of the accused.[5] As indicated earlier, appellant does not attack the voluntariness of the plea or its accordance with public policy. He makes no claim that such an agreement was breached by the convening authority. Accordingly, his fundamental right to enter a voluntary guilty plea was not abridged. Article 45, UCMJ, 10 U.S.C. § 845.

Under the facts of this case, we determine that there was nothing which ma-

---

specification, affirmed the remaining findings of guilty, reassessed and affirmed the sentence as originally adjudged.

3. *See McCarthy v. United States,* 394 U.S. 459, 465–66, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969).

4. *See United States v. Rivas,* 3 M.J. 282 (C.M. A.1977); *United States v. Palenius,* 2 M.J. 86 (C.M.A.1977); *United States v. Evans,* 1 M.J. 206 (C.M.A.1975).

5. Article 59(a), Uniform Code of Military Justice, 10 U.S.C. § 859(a).

terially prejudiced the substantial rights of the appellant. This finding does not in any way place our condonation on the practice followed by the counsel herein. Circumstances similar to this nondisclosure of a pretrial agreement could give rise to the assertion that counsel did not act within the parameters of the American Bar Association Code of Professional Responsibility as adopted by the armed services.

We affirm the decision of the United States Navy Court of Military Review.

COOK, Judge (concurring in the result):

I concur in the disposition specified in the principal opinion. I write separately to note adherence to my view that not every violation of the requirements of *United States v. Green*, 1 M.J. 453 (C.M.A.1976), demands vacation of a guilty plea. *See* my dissent in *United States v. King*, 3 M.J. 458, 460 (C.M.A.1977).

Judge PERRY concurs in the result.