UNITED STATES, Appellee,

v.

Walter McCRAY, Jr., Private, U. S. Army, Appellant.

No. 36,370.
CM 436343.

U. S. Court of Military Appeals.

July 23, 1979.

Appearances: For Appellant—*Captain Michael B. Dinning* (argued); *Major Benjamin A. Sims, Captain David L. Holmes* (on brief).

For Appellee—*Captain Harry J. Gruchala* (argued); *Lieutenant Colonel R. R. Boller, Major Robert B. Williams* (on brief); *Colonel Thomas H. Davis.*

Opinion of the Court

FLETCHER, Chief Judge:

We examine in this case the providency of appellant's plea;[1] specifically, its possible predication on injunctions both in Appellate Exhibits II and III[2] and in statements by the military judge, which are now alleged to be contrary to public policy. Even a cursory examination of the exhibits in question reveals misstatements of the law in fact against public policy and bordering on areas where waiver cannot be attained. However, even acknowledging the error of the statements, we are unable to see in this instance any prejudice inuring to the detriment of the appellant.

It is a tautology to acknowledge as detrimental in some way the voluntary waiver of rights in a guilty plea case. Here, where the appellant agreed to a less advantageous and more restrictive statement, he will not now be heard to complain. Notwithstanding the appellant's purported waiver, we have given this case a hearing[3] and, finding no prejudice, affirm the decision of the United States Army Court of Military Review.

Judge COOK concurs.

---

1. Appellant, in accordance with his plea, was convicted of robbery, violating Article 122, Uniform Code of Military Justice, 10 U.S.C. § 922. His sentence, including a bad-conduct discharge, confinement for one year, total forfeitures and reduction to the lowest pay grade, was approved and later affirmed.

2. These exhibits are appended to this opinion.

3. Thus, an attempted waiver of certain rights of review is rendered moot.

```
UNITED STATES        )
                     )
        v.           )
                     )
McCRAY, Walter, Jr.  )        RIGHTS UNDERSTANDING
     (Name)          )
                     )
PV1       U.S. Army  )
(Grade: armed force) )
```

I, __PV1  Walter  McCray,  Jr.__ , __430–02–0420__ , __Support  Trp.,__
   (Rank and name)             (SSAN)
__(Air), 2d Armd. Cav. Regt., APO NY, 09093__ , _____ , acknowledge
   (Unit)                                 (XPN)
the following:

(a) I have read and understand fully Article 38(b), UCMJ [10 U.S.C.A. § 838(b)], and my rights to counsel;

· (b) I have read and understand fully Article 35, UCMJ, [10 U.C.A. § 835], and I understand what service of charges is, and my right to object to any proceedings in my case for five days after such service of charges;

(c) I know of my right to be tried by a court-martial composed of at least five officers; of my right to trial by an officer-enlisted member court-martial, and that to have enlisted members, I must request them in a written document personally signed by myself, and that once I do so, thereafter a minimum of one-third of the members of the court-martial must be enlisted members; and I am aware of my right to request trial by military judge alone. I understand that once I elect one type of court-martial, and do not withdraw that election, I waive and give up forever my right to a different type of court-martial trial;

(d) I have read Article (X) 122 [10 U.S.C.A. § 922] of the UCMJ, and I understand that I am charged under this Article X of the UCMJ;

(e) I understand that if I am convicted by courts-martial of any offense, that I have the right to make a sworn or unsworn statement to the court-martial in mitigation and extenuation. I also understand I may remain silent. I fully understand these rights;

(f) I understand I need not enter into any stipulations, either of fact or expected testimony of witnesses, and whenever I do so, I freely and voluntarily enter into these stipulations;

(g) I understand that the concept of waiver of rights comes from the Supreme Court case of *Johnson v. Zerbst,* that "courts indulge every reasonable presumption against waiver" and that "a waiver is ordinarily an intentional relinquishment or abandonment of a known right or privilege"; that to waive or give up a right I must first know of the right and understand the right fully, and thereafter freely, consciously, intelligently, and voluntarily give up that right forever. Once I do this, I understand the right vanishes, it disappears, it is exhausted, it can never be used again. I have discussed this concept fully with my attorney and I understand it. Whenever I give up any rights, I do so in accordance with *Johnson v. Zerbst;*

(h) If I have any complaint against my defense counsel or concerning my trial, I know that I may bring my complaint to the attention of the military judge and he will conduct a thorough and impartial investigation which would go along with my record of trial for all to read and use during initial or appellate review of my case. Whenever I do not raise any complaint before the military judge of which

I have knowledge, I understand by my silence that I forever waive and give up any such complaint which I might have;

(i) I understand that I must call all of my witnesses during my trial and put into evidence all real and documentary and other evidence which I may have, and if I have evidence which I do not use, I am forever barred in the future from using that evidence. I understand that such failure to use evidence available to me at trial is a giving up of that evidence, and that that unused evidence may never by [sic] used by me in the future;

(j) I understand that if I am convicted, a verbatim record of trial will be typed by the court reporter; it will be authenticated by the military judge; and thereafter the Commanding General, the Convening Authority will take initial action on my case. I understand that I may add to the record of trial by having my attorney submit to the convening authority an Article 38(c), [10 U.S.C.A. § 838(c)] brief, and I understand that my trial defense counsel continues to represent me after my trial is over until he is released by the appellate courts;

(k) I have read Articles 38(c), 66 and 67, 70 and 73 of the UCMJ [10 U.S.C.A. §§ 838(c), 866 and 867, 870 and 873]; I know of my right to have an Article 33(c) brief, of my right to possible review by the Court of Military Review and Appeals should I be convicted and receive a reviewable sentence; of my right to be represented by appellate counsel if I receive a reviewable sentence; of my right to file a petition for a new trial; and of possible extra-ordinary review or relief under the so-called McPhail doctrine;

(*l*) I acknowledge that I fully understand everything in this document. Conversely, there is nothing in this document which I do not understand. I freely and voluntarily sign this document.

signed (ACCUSED)

I have fully and completely advised my client of all of his legal rights, including but not limited to, the rights set out in this document.

signed (DEFENSE COUNSEL)

| | |
|---|---|
| UNITED STATES ) | |
| ) | |
| vs. ) | WAIVER OF RIGHTS IN GUILTY PLEA CASES |
| ) | WITHOUT PRETRIAL AGREEMENT |
| McCRAY, Walter, Jr. ) | |
| ) | |
| PV1 U.S. Army ) | |
| ) | |

I, Walter McCray, Jr. , 430–02–0420 , Support Trp., (Air)
     (name)                              (SSN)              (unit)
2d ACR, APO NY 09093 , admit the following:
     (unit)

a) That I am on active duty with the United States Army;

b) That I am subject to the jurisdiction of the court; that the offense committed is also subject to the jurisdiction of the Court;

c) That I have read *Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1014, 82 L.Ed. 1461 (1938), and that I have discussed this case and the concept of waiver with my attorney and I understand that "courts indulge every reasonable presumption against waiver" and that "A waiver is ordinarily an intentional relinquishment or abandonment of a known right or privilege";

d) I know that I have a right to plead not guilty and before I could be convicted in a contested case the government would have to prove and the court would have to find each element of any offense charged by legal and competent evidence beyond reasonable doubt;

e) I know that by pleading guilty I do not receive a trial on the issue of guilty or innocence. I know I have the right to such a trial, and I hereby consciously, intelligently and voluntarily waive and give up that right forever in the future;

f) I understand that a guilty plea is the same thing as a conviction. I know the government need do nothing to convict me; that I convict myself by the plea; that I admit every act or omission with which I am charged; and I am willing to do this;

g) I know that I have the following rights, and consciously, intelligently and voluntarily give them up forever knowing that a waiver means these rights which follow vanish, they disappear, they can never be exercised by me again, and that they are exhausted;

I hereby give up forever my right against self-incrimination, that is the right to say nothing at all;

I hereby give up forever my right to a trial on guilt or innocence, that is, the introduction of evidence by the government, and the introduction of evidence by myself, should I desire to introduce any, and a decision by the court on the issue of my guilt or innocence;

I hereby give up forever my right to confront and cross-examine witnesses against me;

I hereby give up forever some of my appellate rights. I understand that the appellate courts have held in decisional law that a plea of guilty waives and gives up certain motions and certain objections to evidence;

I hereby give up forever any motion to suppress any evidence;

I hereby give up forever any motion to suppress any pre-trial statements;

I hereby disavow all defenses of any nature. I have discussed all possible defenses with my trial defense attorney, I understand them, and I consciously, intelligently and voluntarily disavow each and every one of them.

signed (ACCUSED)

PERRY, Judge (concurring in the result):

While the provisions of concern in the appellate exhibits and the advice of the trial judge to the appellant may not be entirely correct, I am unable to understand that they contributed to the appellant's decision to plead guilty. Nor does the appellant contend that his strategy on appeal has been influenced in any way by them. Under these circumstances, I conclude that the providence of the appellant's plea is unaffected by the provisions or the advice referred to.