UNITED STATES, Appellee

v.

Carson L. PARTIN, Sergeant, U. S. Army, Appellant.

No. 34,983.
CM 435959.

U. S. Court of Military Appeals.

Oct. 22, 1979.

For Appellant: *Captain Joseph W. Moore* (argued); *Colonel Robert B. Clarke, Major Benjamin A. Sims, Captain John E. Caulking* (on brief); *Captain Paul T. Allen, Jr.*

For Appellee: *Major Michael B. Kennett* (argued); *Colonel Thomas H. Davis, Lieutenant Colonel R. R. Boller, Captain Dale L. Anderson, Captain Jack M. Hartman* (on brief).

## Opinion

FLETCHER, Chief Judge:

The appellant was charged with premeditated murder and sodomy, in violation of Articles 118 and 125, Uniform Code of Military Justice, 10 U.S.C. §§ 918 and 925, respectively. In accordance with a pretrial agreement, the convening authority withdrew[1] the charge of premeditated murder from the consideration of the court-martial after the military judge accepted the pleas of guilty made by the appellant to the lesser included offense of unpremeditated murder and the charged offense of sodomy. The military judge subsequently found the appellant guilt of the latter two offenses. The court members of this general court-martial sentenced the appellant to a dishonorable discharge, confinement at hard labor for the rest of his natural life and forfeiture of all pay and allowances. The convening authority approved the sentence

with the exception of confinement at hard labor in excess of 45 years, as provided in the pretrial agreement. The United States Army Court of Military Review affirmed the findings and this sentence.

The appellant on review asks this Court to reverse the decision of the Court of Military Review, set aside the findings of guilty and the sentence, invalidate his guilty pleas, strike a purportedly illegal condition from his pretrial agreement and order a rehearing. The basis of this request is two-fold. First, he asserts that the providency of the pleas was not established as a matter of record in accordance with our decisions in *United States v. King*, 3 M.J. 458 (C.M.A. 1977), and *United States v. Green*, 1 M.J. 453 (C.M.A.1976). Second, he contends that the purported presence of an illegal condition in the pretrial agreement also rendered his guilty pleas improvident.

Review of the record of trial in the present case indicates that at the very least the military judge substantially complied with the requirements of *United States v. Green, supra*. This court-martial was conducted more than nine months before this Court handed down the decision in *United States v. King, supra,* in which we definitively rejected the substantial compliance approach to the plea inquiry requirements of *United States v. Green, supra.*[2] In light of our decision in *United States v. Crowley,* 7 M.J. 336 (C.M.A.1979), we will not vacate the appellant's guilty pleas on this ground.

The second issue raised by appellant challenges the validity of his pretrial agreement in that it purportedly contains an illegal condition which denies to him due process of law. *See United States v. Cummings,* 17 U.S.C.M.A. 376, 38 C.M.R. 174 (C.M.A.1968). The actual provision states:

Pursuant to the terms and conditions of the pretrial agreement, the accused here-

---

1. The withdrawal of the original specification of premeditated murder against the appellant was accomplished, per request of the military judge, by amendment of this specification by the trial counsel to reflect its lesser included offense, unpremeditated murder, as the original specification.

2. *United States v. Green,* 1 M.J. 453 (C.M.A. 1976), was decided on August 13, 1976. This court-martial was tried on January 21, 24 and 25, 1977. *United States v. King,* 3 M.J. 458 (C.M.A.1977), was decided on October 17, 1977.

by agrees to enter a plea of guilty to the lesser included offense of unpremeditated murder of Debbie Cravens on the original charge and to plead guilty to the additional charge of Sodomy. In consideration for the accused's pleas of guilty to unpremeditated murder and sodomy the Convening Authority agrees to approve no sentence adjudged in excess of a dishonorable discharge, confinement at hard labor for 45 years, total forfeiture of all pay and allowances, and reduction to the lowest enlisted grade, Private E1. The Convening Authority further agrees and directs that, if the Military Judge accepts the pleas of guilty to the lesser included offense of unpremeditated murder and to the offense of sodomy, the charge of premeditated murder and the referral of the case as capital will be reduced to unpremeditated murder without further action by the Convening Authority. However, should the accused's plea of guilty to unpremeditated murder or sodomy be changed by anyone to not guilty, the charge of premeditated murder and the referral of the case as capital may be reinstated by the Convening Authority. The appellate defense counsel, finding no fault with the provision on its face,[3] argues that its interpretation by the military judge and the acquiescence of the appellant and both counsel at the trial constituted the incorporation of an illegal condition into the pretrial agreement. At trial, during the plea inquiry, the following exchange occurred:

> Military Judge: Do you also understand that if for any reason, any appellate authority overturns the finding of guilty . . . you could later be tried on a charge of premeditated murder.
>
> Accused: Yes.

[and later]

> Military Judge: You understand, however, that the right has been reserved to reinstate a premeditated murder charge if, at any appellate stage of the trial, they set aside the findings pursuant to the guilty pleas?
>
> Defense Counsel: I do, your honor.
>
> Military Judge: Do you understand that, Sergeant Partin?
>
> Accused: Yes, I do, Your Honor.

Appellate counsel asserts that this interpretation of the condition and its acceptance at trial are unlawful for several reasons. First, he contends that it is in violation of Article 63, UCMJ, 10 U.S.C. § 863, because the convening authority on rehearing may not reinstate the premeditated murder charge and refer the case as capital. This is a result of an earlier finding of guilty to a lesser included offense and a sentence less than death already approved by the convening authority. Second, he claims this interpretation of the provision constitutes an impermissible restriction by the convening authority on the appellant's right to appeal, in violation of Article 37(a), UCMJ, 10 U.S.C. § 837(a). Finally, he alleges that appellant's plea was coerced, in that failure to accept this view of the condition would expose appellant to the death penalty; unintelligent, since appellant was advised by the military judge such a condition was legal; and a denial of due process, because the military judge, under such coercive conditions, could not elicit truthful responses from the appellant concerning the plea agreement.

The fundamental question presented in this case is the legal effect, if any, of the military judge's interpretation of the challenged clause in the pretrial agreement on the appellant's right to due

---

**3.** It has been a consistent and longstanding position of this Court to refuse to encourage expansive pretrial agreement provision making by military authorities. *E. g. United States v. Holland,* 1 M.J. 58 (C.M.A.1975). *See also* Fed. R.Crim.P. 11(e)1 (1975). As for the final portion of this written provision in the appellant's pretrial agreement, we do not condone it in any way. However, in light of our decision in *United States v. McCray,* 7 M.J. 191 (C.M.A.1979), we need not address it at the present time.

process. As indicated in *United States v. Lanzer,* 3 M.J. 60, 62 (C.M.A.1977), the military judge has the power to modify by judicial order a pretrial agreement after it has been made. Commensurate with this power is his responsibility to police the terms of pretrial agreements to insure compliance with statutory and decisional law as well as adherence to basic notions of fundamental fairness. *United States v. Elmore,* 1 M.J. 262, 264 (C.M.A.1976) (Fletcher, C. J., concurring in the result). However, in the absence of such defects, he must uphold the agreement as clearly intended in its express wording. *United States v. Lanzer, supra.* His authority cannot be said to extend to the addition by implication of terms not embraced in the express wording of the agreement or in violation of military due process.

■ As indicated earlier in this opinion, the military judge, in explaining the terms of this pretrial agreement, advised the appellant that if any appellate authority overturned the findings of guilty, he could later be tried on a charge of premeditated murder. This interpretation in no way reflects the express terms of the pretrial agreement and is erroneous as a matter of military procedure. Examining the precise wording of the pretrial agreement, appellate courts do not enter pleas of "not guilty" for an accused; they review the record of trial to determine if the pleas were providently made. Finding the pleas improvident, they merely set them aside and return the case for a rehearing. The decision to plead "not guilty" either at the original trial or on rehearing rests with the accused and his counsel or in some instances with the military judge at the trial level. *See* Article 45, UCMJ, 10 U.S.C. § 845. This obvious misinterpretation of the pretrial agreement constitutes an attempted addition by implication of new terms not agreed upon by the accused and the convening authority. Acquiescence of the trial counsel does not constitute agreement to additional terms by the convening authority. Such unagreed upon terms are not binding on the parties to this agreement, or the appellate courts. *See United States v. Lanzer, supra; United*

*States v. Cox,* 22 U.S.C.M.A. 69, 46 C.M.R. 69 (1972). Since we find the attempted incorporation of these additional terms without legal effect, it provides no reason to strike down this pretrial agreement as in violation of Article 63.

The appellant also contends that the presence of such a condition in a pretrial agreement imposes an impermissible burden on his statutory rights to automatic and discretionary review of his court-martial. *See* Articles 66 and 67, UCMJ, 10 U.S.C. §§ 866 and 867, respectively. Indeed, if this misinterpretation by the military judge was an actual term of the pretrial agreement, this argument may have merit. *See Blackledge v. Perry,* 417 U.S. 21, 28, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974); *North Carolina v. Pearce,* 395 U.S. 711, 724, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969); *United States v. Darring,* 9 U.S.C.M.A. 651, 26 C.M.R. 431 (1958); *United States v. Ponds,* 1 U.S.C.M.A. 385, 3 C.M.R. 119 (1952). *See generally, United States v. Cummings, supra.* However, as pointed out earlier, this additional term of the military judge is not a part of the actual pretrial agreement; it has no legal effect on the appellant's rights to review of his court-martial. Accordingly, we find no violation of Article 37 by the convening authority in this pretrial agreement on its account.

■ Of course, an argument might be made that the erroneous interpretation by the military judge of this clause of the pretrial agreement prejudiced the appellant in the actual exercise of his appellate or other procedural rights. Under the facts and circumstances of the appellant's case, we find no such prejudice or inference thereof. Article 59(a), UCMJ, 10 U.S.C. § 859(a). *See also United States v. McCray,* 7 M.J. 191 (C.M.A.1979).

■ Finally, the appellate defense counsel directly attacks the providency of these guilty pleas in light of appellant's earlier acceptance of the military judge's interpretation of the pretrial agreement. First, he claims that the pleas were coerced in that a failure to accept this condition as

interpreted by the military judge would expose the appellant to the death penalty. As has been stated before, the military judge's misinterpretation of this clause is not a part of the pretrial agreement between the appellant and the convening authority. Moreover, the proffer of a guilty plea to avoid a possible death penalty is generally not considered so involuntary as to be a denial of constitutional due process sufficient to invalidate a plea. *See Brady v. United States,* 397 U.S. 742, 755 n. 14, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). Second, he claims the pleas were unintelligent because the military judge's advice was incorrect as to the lawful terms of the appellant's pretrial agreement. This contention is also without merit. We do not find that the appellant, as a matter of law or fact, waived any of his rights as a result of his acceptance of the incorrect advice of the military judge. *See United States v. McCray, supra.* Third, appellate counsel submits that the military judge might not have elicited truthful responses from the appellant concerning the pretrial agreement because of his inclination to protect this agreement. This is total speculation. With or without the military judge's advice, the appellant has an interest in preserving the benefits of the pretrial agreement; the very purpose of the plea inquiry is to explore the factual basis for the plea and the circumstances of its submission at the court-martial. The record of trial in the present case more than assures us of the truthfulness of the appellant's responses.

The decision of the United States Army Court of Military Review is affirmed.

COOK, Judge (concurring in the result):

I disagree with, and am uncertain about the meaning of, a number of statements in the principal opinion.* However, I am satisfied that the accused was accorded his rights, and nothing that transpired at trial requires reversal of either the findings of guilty or the sentence. *See* my separate opinion in *United States v. Crowley,* 7 M.J. 336 (C.M.A.1979). I, therefore, join in affirming the decision of the United States Army Court of Military Review.

PERRY,** Judge (concurring in the result):

I concur in the lead opinion, except that portion dealing with the appellant's claim that the judge's interpretation of the provision of concern in the pretrial agreement coerced the appellant's guilty plea, with which I disassociate myself. I also concur in the result reached.

---

* For example, I disagree with the inference in note 3 of the principal opinion that a convening authority cannot require final judicial acceptance of a plea of guilty as a condition to effectuation of the pretrial agreement with the accused.

** Judge Matthew J. Perry took final action in this case prior to his resignation as a judge of this Court pursuant to his appointment and confirmation as a United States District Judge for the District of South Carolina.