**UNITED STATES, Appellee,**

v.

**Steven MILLS, Specialist Five, U.S. Army, Appellant.**

**Dkt. No. 39,278.**

**CM 437370.**

U. S. Court of Military Appeals.

Oct. 13, 1981.

For Appellee: *Major Douglas P. Franklin* (argued); *Colonel R. R. Boller, Major Ted B. Borek* (on brief).

For Appellant: *Captain Joseph A. Russelburg* (argued); *Lieutenant Colonel John F. Lymburner, Major Lawrence D. Galehouse, Captain John Lukjanowicz* (on brief); *Captain Allan T. Downen.*

*Opinion*

EVERETT, Chief Judge:

Appellant, contrary to his pleas, was convicted by a general court-martial with

members of attempted sale of heroin, escape from custody, and possession of marihuana, in violation of Articles 80, 95, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 880, 895 and 934, respectively. He was sentenced to a dishonorable discharge, confinement at hard labor and forfeiture of $300.00 pay per month for 8 years, and reduction to the lowest enlisted grade. The convening authority set aside the findings of guilty as to escape and reduced the confinement to 7 years; otherwise he approved the findings and sentence as adjudged. Because of improper comments by the trial counsel during the presentencing procedure, the United States Army Court of Military Review set aside the sentence and authorized a rehearing on sentence. 7 M.J. 664 (A.C.M.R.1979)

Meanwhile, Mills had been transferred to Fort Leavenworth, and in preparation for the rehearing on sentence, his defense counsel proposed to the substituted convening authority, the Commander of the Combined Arms Center and Fort Leavenworth, an "Offer to Stipulate." That offer, accepted by the convening authority and set forth as an appendix to this opinion, gives rise to the present appeal. Its terms were summarized by the court below in these words:

Prior to his rehearing appellant in a written offer waived his right to call certain witnesses in extenuation and mitigation and agreed to stipulate to their expected testimony. In exchange, the convening authority agreed to defer any confinement pending appellate review. He also agreed that upon completion of appellate review he would exercise his clemency power and remit any sentence in excess of reduction to the grade of Private E–1, confinement for fifteen months, forfeiture of $300.00 pay per month for fifteen months, and a dishonorable discharge. The practical effect to the appellant was that he would face no more confinement than already served. The agreement was conditioned upon the adjudged sentence being approved after completion of appellate review. There was a provision that the sentence could be reassessed by the Court of Military

Review or modified by The Secretary of the Army. *However, in the event a rehearing is directed the agreement is to be cancelled.* At a subsequent rehearing the maximum punishment would be controlled by Article 63(b), UCMJ, 10 U.S.C. § 863, and paragraph 81*d*(1), Manual for Courts-Martial, United States, 1969 (Revised edition). This would be the sentence imposed at the first rehearing. The convening authority would not be obligated to remit any portion of a sentence adjudged up to this limitation. Therefore appellant, by virtue of an appeal resulting in a rehearing, could serve more confinement than that provided for in his agreement.

9 M.J. 687, 688 (A.C.M.R.1980) (emphasis added).

At the rehearing on sentence, expected testimony was stipulated to pursuant to appellant's offer, and a sentence was adjudged of dishonorable discharge, confinement for 7 years, forfeiture of $300.00 pay per month for 8 years and reduction to Private E–1. The convening authority approved this sentence but deferred service of the confinement and forfeitures until the sentence was ordered into execution, unless the deferment was sooner rescinded. The Court of Military Review affirmed. In turn, we granted review (9 M.J. 283) on this issue:

WHETHER THE PROVISIONS OF THE "OFFER TO STIPULATE" (APPELLATE EXHIBIT V) IMPOSE AN IMPERMISSIBLE BURDEN ON THE STATUTORY RIGHTS OF THE APPELLANT TO AUTOMATIC AND DISCRETIONARY REVIEW OF HIS COURT–MARTIAL.

In answering this issue, we first must inquire whether any prohibition exists against stipulating expected testimony in return for a promise of clemency. In many courts, sentencing is done largely on the basis of written evidence—chiefly in the form of a presentence report. Indeed, on various occasions we have referred to depositions and stipulations as possible substi-

tutes for live testimony under the circumstances of a particular case. Moreover, in allowing "confessional stipulations" by accused persons under proper safeguards, we commented in *United States v. Bertelson*, 3 M.J. 314, 315–16 (C.M.A.1977) (footnotes omitted):

> We reject the contention that such a confessional stipulation cannot be admitted under any circumstances. Though ordinarily a confessional stipulation should be excluded as evidence, an accused may nonetheless consent to its admission. Thus, we agree with the United States Air Force Court of Military Review that a military judge, notwithstanding paragraph 154*b*(1) of the Manual, may admit a stipulation which amounts practically to a confession provided that the accused has first knowingly, intelligently and voluntarily consented to its admission. *United States v. Rempe*, 49 C.M.R. 367 (A.F.C.M.R.1974). If an accused and his lawyer, in their best judgment, think there is a benefit or advantage to be gained by entering otherwise objectionable evidence, as in *Rempe* where the accused consented to the admission of a confessional stipulation in order to preserve an error for appellate review, we perceive no reason why they should not be their own judges with leeway to do so.

Also, we have approved pretrial agreements for pleas of guilty, which constitute a full confession of guilt and waive several constitutional rights. Thus, even though here the sentencing authority consisted of court members rather than a military judge, we see no occasion to prevent an appellant from stipulating to testimony in return for a substantial reduction in sentence, so long as the judge assures that the accused's entry into the stipulation is provident.

In other respects, the "Offer to Stipulate" gives us more pause. Apparently, its phrasing reflects a desire by the convening authority to avoid a situation where, having reduced the sentence during the regular course of appellate review, he then is confronted with a rehearing ordered by the Court of Military Review or by our Court, and at that rehearing the accused insists on live witnesses rather than stipulated testimony. Under such circumstances the appellant secures a substantial sentence reduction but the convening authority has, in a sense, not received the expected benefit of his bargain.

To preclude this possibility, the "Offer to Stipulate" utilized the stratagem of providing for reduction of the sentence as a matter of clemency after appellate review has been completed and subject to an escape provision if a further rehearing were directed. This procedure poses several problems. For example, the convening authority, having entered into an agreement whereby he will provide clemency at a later time, may be tempted to give only perfunctory attention to his statutory responsibility of determining what sentence is appropriate. *Cf.* Article 64, U.C.M.J., 10 U.S.C. § 864. Any failure by the convening authority to perform this task will, in turn, make it more difficult for the Court of Military Review to perform its responsibility of reviewing sentence appropriateness, since that court will not have the benefit of a painstaking evaluation of sentence appropriateness by the convening authority and his staff judge advocate. To some extent this problem exists whether the promised reduction of sentence is to occur during the judicial review by the convening authority or at a later time after appellate review has been completed. However, if the convening authority remits part of the sentence as a matter of clemency but does a slipshod job in evaluating appropriateness, the accused at least has received the benefit of the remitted sentence; but under the escape provisions in the offer to stipulate, the appellant may end up without the promised reduction of sentence and also without more than a perfunctory determination of sentence appropriateness by the convening authority.[1] This problem is not insurmountable, since

---

1. However, after any further rehearing at the trial level, the convening authority will again have to consider sentence appropriateness.

during its appellate review, the Court of Military Review can—and should—assure that the convening authority has not shirked his statutory responsibility because of any agreement concerning clemency.

Another problem is that of ensuring compliance by the convening authority with his agreement since direct appellate review under Articles 66 and 67, of the Code, 10 U.S.C. §§ 866 and 867, respectively, will have been completed before the convening authority's performance is due. At that stage submission of a petition for extraordinary relief will be necessary to correct any breach by the convening authority.

With these difficulties in mind, we recognize that there are advantages in adhering to the traditional form of pretrial agreement whereunder the clemency action of the convening authority occurs during his initial review of the case and is not reserved until all direct appellate review has been completed. However, where as here, the accused suggests this type of unusual provision and is apparently fully informed as to the consequences,[2] any administrative difficulties posed are not sufficient to invalidate the agreement.

Appellate defense counsel also point out that the literal wording of the "Offer to Stipulate" has a chilling effect on the exercise of appellate rights, since the appellant can hardly afford to assert those rights because in doing so he may lose the benefit of a favorable agreement as to clemency.[3] In this respect, the situation is somewhat akin to that which sometimes existed prior to the Supreme Court decisions in *Green v. United States*, 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957), and *Benton v. Maryland*, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969), when a defendant who succeeded on appeal might lose the benefit of a partly favorable verdict. Indeed, even today, a successful appellant runs the risk that, because of events subsequent to his original trial, he can receive a higher sentence on retrial. *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).

Of course, the case at bar does not present a risk of "prosecutorial vindictiveness" like that with which the Supreme Court was concerned in *Blackledge v. Perry*, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974), and *North Carolina v. Pearce, supra*. Moreover, in *Bordenkircher v. Hayes*, 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978), the Supreme Court has displayed some tolerance of practices which tend to chill the assertion of a defendant's rights. Even so, we are unwilling here to enforce literally the escape provisions available to the convening authority under the "Offer to Stipulate."

■ In serious cases Congress was anxious to provide a full appellate review of court-martial convictions. Thus, the Uniform Code provides for an automatic review which is unparalleled elsewhere. *See* Commentary *b* to ABA Standards, Criminal Appeals § 1.1 (1970). Furthermore, a verbatim record and appellate defense counsel are provided to accused persons without charge. *Cf.* Articles 54(c), 70 UCMJ, 10 U.S.C. §§ 854(c), 870, respectively. Also, Article 63(b), UCMJ, 10 U.S.C. § 863(b), creates an absolute bar to a more severe sentence on rehearing and, in so doing, goes beyond the protection granted by *North Carolina v. Pearce, supra*. In view of this congressional solicitude for full appellate review of court-martial convictions, we cannot approve an agreement between an accused and the convening authority which would tend to inhibit the exercise of appellate rights.

---

2. Unlike the situation which may exist in some cases where, although the offer of a plea bargain originates with the defense, it is shaped by well-established policies of a convening authority as to the pretrial agreements that he will accept, here the "Offer to Stipulate" was clearly the product of the defense counsel's ingenuity. Indeed, he had to explain all of the implications of the offer to the military judge and the trial counsel when the military judge was seeking to determine what the effects of the stipulation would be and whether the accused joined fully and providently therein.

3. We find nothing in the record which suggests that the agreement with the convening authority had any inhibiting effect on the efforts of appellant's defense counsel during the trial itself.

Foreseeably, that appears to have been the natural effect of the understanding reached in the present case, for, in reply to questions from our Court during oral argument, appellate defense counsel conceded that appellant and his counsel are concerned about his situation if he succeeds in his appeal. Under the literal terms of the "Offer to Stipulate," he would run a risk of receiving 7 years' confinement, instead of the 2 years assured him if his appeal fails.[4]

At the same time, we conclude that, under a restrictive interpretation, the escape clause can be enforced. As we remarked earlier in this opinion, the clear purpose of the parties was to assure that, in the event of a further rehearing, Mills would not be free to demand the personal attendance of witnesses in extenuation and mitigation and yet have the benefit of a 15-month ceiling on his sentence to confinement. In accord with that purpose, the condition which would release the convening authority from his obligation to remit should be limited to the situation where appellant, in

the event of a subsequent rehearing, is unwilling to present his case on the basis of stipulated testimony in extenuation and mitigation. Under this construction the agreement is enforceable, since it does not tend to deter the assertion of appellate rights.

Appellate defense counsel have suggested that, because of their interpretation of the possible effects of a successful appeal under the offer's literal wording, there has been a reluctance to assert vigorously that error was committed in the rehearing on sentence. However, counsel have not pointed to any specific error which they were deterred from raising in our Court or in the court below. Moreover, our review of the record does not suggest the existence of any unassigned error that could be relied on.

Accordingly, the decision of the United States Army Court of Military Review is affirmed.

Judge COOK concurs in the result.

## APPENDIX

| UNITED STATES | ) | |
|---|---|---|
| | ) | Combined Arms Center and |
| | ) | Fort Leavenworth |
| v. | ) | Fort Leavenworth, Kansas |
| | ) | |
| Specialist Five STEVEN MILLS, | ) | CM 437370 |
| 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, U.S. Army | ) | 19 July 1979 |

### OFFER TO STIPULATE

I, Specialist Five Steven Mills, the accused in a general court-martial sentence rehearing now pending, having consulted with my detailed defense counsel, Captain Glenn L. Madere, and being fully advised that I have a right to the production of live witnesses in extenuation and mitigation at such sentence rehearing, hereby agree to stipulate to the expected testimony of such witnesses, in lieu of their live appearance, provided that the Convening Authority will agree to take the following actions:

---

4. The provision for a 15-month confinement period would apparently mean that, in practical effect, appellant would have no further confinement to serve.

**6**

1. Upon receipt of my application for deferment of confinement under Article 57(d), Uniform Code of Military Justice (following the rehearing), he will grant such application and defer such sentence to confinement pending completion of appellate review.

2. Upon completion of appellate review (as set forth in Article 71(c), UCMJ), the Convening Authority will exercise his authority to remit unexecuted portions of a sentence under para. 6-19(f)(3), AR 190-47 (1 October 1978), and will remit any sentence in excess of the sentence set forth in Appendix I hereto, provided, however, that this obligation will arise only if the sentence approved pursuant to Articles 66 and 67, UCMJ, is either:

    (a) the sentence as adjudged at the instant rehearing and approved by the instant Convening Authority pursuant to Article 64, UCMJ,

    (b) the sentence as reassessed by the U.S. Army Court of Military Review, or

    (c). the sentence described in subparagraph (a) above, as modified by the Secretary of the Army pursuant to para. 6-19c, AR 190-47 (1 October 1978).

I understand and agree that if, upon completion of appellate review following the instant rehearing, the disposition of my sentence is other than one of those listed in paragraph 2 above, the Convening Authority has no obligation to grant the sentence relief set forth in such paragraph.

In making this offer, I state that:

I am satisfied with the defense counsel who has been detailed to defend me;

This offer to stipulate originated with me and no person or persons have made any attempt to force or coerce me into making this offer or to stipulate;

My defense counsel has advised me of the meaning and effect of a stipulation of expected testimony and I understand the meaning and effect thereof;

I understand that I may withdraw from this offer at anytime prior to admission of the subject stipulations of expected testimony into evidence;

If the stipulations of expected testimony are not admitted into evidence, this offer is null and void; and

If the trial counsel, defense counsel, and I are unable to agree on the content of such stipulations of expected testimony, this offer is null and void.

GLENN L. MADERE
Captain, JAGC
Defense Counsel

STEVEN MILLS
SP5, U. S. Army
Accused

1 AUG 1979

The foregoing is (accepted) (not accepted).     0 2 AUG 1979

J. R. THURMAN
Lieutenant General, USA
Commander
U.S. Army Combined Arms
Center and Fort Leavenworth

APPELLATE
EX  Y

| | |
|---|---|
| U N I T E D   S T A T E S | Combined Arms Center and Fort Leavenworth Fort Leavenworth, Kansas |
| v. | |
| Specialist Five STEVEN MILLS, 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, U.S. Army | CM 437370 19 July 1979 |

APPENDIX I

The sentence referred to in paragraph 2, Offer to Stipulate, dated 19 July 1979 and signed by me is:  to be reduced to the grade of E-1, to be confined at hard labor for fifteen months, to forfeit $300.00 per month for fifteen months, and to be dishonorably discharged from the service.

FLETCHER, Judge (concurring in part and dissenting in part):

This rehearing agreement anticipates full performance by the convening authority only after appellate review is completed under Articles 66 and 67, Uniform Code of Military Justice, 10 U.S.C. §§ 866 and 867, respectively. *See* Article 74, UCMJ, 10 U.S.C. § 874. Agreements, so structured,[1] circumvent direct appellate review of the government's compliance with its promises after performance by an accused. *See United States v. Lanzer*, 3 M.J. 60, 62 (C.M.A. 1977); *see also United States v. Kazena*, 11 M.J. 28, 32 (C.M.A. 1981). For this reason, I find this part of the challenged provision unlawful as well as the portion of the approved sentence subject to later remission by the convening authority. Accordingly, I would affirm only so much of the sentence as provided for in the rehearing agreement. *See United States v. Dawson*, 10 M.J. 142, 150 (C.M.A. 1981). Since this case does not involve a second sentence rehearing, I need not comment on the possible effect of this rehearing agreement on paragraph 81d, Manual for Courts-Martial, United States, 1969 (Revised edition). *See United States v. Jones*, 10 U.S.C. M.A. 532, 533, 28 C.M.R. 98, 99 (1959).

1. I agree with Chief Judge Everett that agreements which are structured in terms of future appellate review action also tend to inhibit the full exercise of a service member's appellate rights. *See United States v. Partin*, 7 M.J. 409, 412 (C.M.A. 1979). I also agree that there is no indication in the record before us that the appellant was prejudiced in exercising these rights in the present case. *See United States v. McCray*, 7 M.J. 191 (C.M.A. 1979).