**UNITED STATES**

v.

**Thomas L. BILBO, Jr., 449 33 6954, Private (E–1), U. S. Marine Corps.**

**NMCM 81 3588.**

U. S. Navy-Marine Corps Court of Military Review.

Sentence Ajudged 23 March 1981.

Decided 21 April 1982.

---

**4.** *See* nn. 10 and 12 (majority opinion).

LCDR William A. DeCicco, JAGC, USN, Appellate Defense Counsel.

LT Joseph J. Portuondo, JAGC, USNR, Appellate Government Counsel.

Before CEDARBURG, C. J., and GORMLEY and MAY, JJ.

PER CURIAM:

Pursuant to his pleas, appellant was found guilty at a general court-martial, without members, of one period of unauthorized absence under Article 86, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 886; two orders violations under Article 92, UCMJ, 10 U.S.C. § 892; two larcenies and one wrongful appropriation under Article 121, UCMJ, 10 U.S.C. § 921; and three specifications alleging dishonorable failure to pay just debts in violation of Article 134, UCMJ, 10 U.S.C. § 934. Appellant was sentenced to confinement at hard labor for 14 months, forfeiture of all pay and allowances, and a bad-conduct discharge. The convening authority approved the sentence as awarded, however, under the terms of a pretrial agreement, suspended all confinement in excess of 12 months for the period of confinement served, plus 6 months.

In a letter sent to the convening authority prior to referral of charges, appellant acknowledged the representation provided by his detailed and individual military counsel, and those rights which he would enjoy at an Article 32, UCMJ, 10 U.S.C.A. § 832, investigation. Appellant nevertheless indicated his willingness to waive the Article 32 hearing, "contingent upon the convening authority's acceptance of and ratification of [the enclosed pretrial agreement]." Similarly, the staff judge advocate's Article 34, UCMJ, 10 U.S.C. § 834, advice noted that with referral to a general court-martial, "[y]our signature will also be required on the attached convening order and the pretrial agreement." Clearly all parties considered the acceptance of the pretrial agreement to be a condition precedent to the waiver of the Article 32 investigation yet the written agreement made no mention of the waiver. During the military judge's inquiry into the providency of appellant's pleas, appellant answered affirmatively when asked whether all under-

standings which may have influenced his decision to plead guilty were included in the written agreement. Similar inquiries were not directed toward either counsel.

Appellant now asks this Court to set aside the findings and sentence in this case, claiming,

THE WAIVER OF AN ARTICLE 32 INVESTIGATION IS AN IMPERMISSIBLE CONDITION OF A PRETRIAL AGREEMENT BECAUSE THE WAIVER PROVISION IS CONTRARY TO PUBLIC POLICY AND THE UNIFORM CODE OF MILITARY JUSTICE.

■■■ While recognizing the benefits to be derived from an Article 32 investigation, both for the defense and the Government, waiver of the Article 32 proceeding would be permissible where proposed by the accused with the advice of counsel as part of a plea bargain. *United States v. Schaffer*, 12 M.J. 425 (C.M.A.1982). A pretrial agreement secured through such a defense concession places no restriction on the fact-finding process or the accused's rights at trial, and thus would not be contrary to public policy. "[W]aiver permits expediting the disposition of a case—an outcome which generally is in the interest of justice. Finally, military justice provides safeguards against the perils of prosecutorial overreaching in such a situation." *Id.* at 430. Appellant's decision to waive Article 32 proceedings in return for the convening authority's agreement to limit the sentence served clearly was proper.

■■■ Allowing an accused to waive his right to an Article 32 investigation does not relieve the military judge of his responsibility to fully inquire into all provisions of a pretrial agreement and to establish, on the record, that the agreement complies with appellate case law, public policy, and his own notions of fundamental fairness. *United States v. King*, 3 M.J. 458 (C.M.A. 1977); *United States v. Green*, 1 M.J. 453 (C.M.A.1976); *United States v. Williamson*, 4 M.J. 708 (N.C.M.R.1977). Nevertheless, the military judge may not be faulted for failing to comply with the mandate in *Green* where counsel neglected to disclose the existence of a *sub rosa* agreement. *United States v. Myles*, 7 M.J. 132 (C.M.A. 1979). While all parties have an obligation to candidly describe the parameters of the pretrial agreement, *United States v. Johnson*, 1 M.J. 36 (C.M.A.1975), the military judge may properly rely upon the representations made by counsel during the providency inquiry. *United States v. Barbour*, 6 M.J. 806 (N.C.M.R.1979).

■■ As in *United States v. Myles, supra*, the deficiencies in the instant case rested not with the military judge, but rather with counsel. The lack of judicial error precludes the extreme remedy of reversal prescribed in *United States v. King*. Absent a showing of inadequate representation on the part of trial defense counsel, a new trial would be required only where the error materially prejudiced the substantial rights of appellant. *Myles, supra* at 133. The record indicates that the Article 32 waiver was initiated by appellant and his counsel with a full understanding of the rights which would be relinguished. All parties understood that appellant's concession was conditioned upon the convening authority's acceptance of the pretrial agreement. The convening authority, in all respects, has honored the terms of the agreement. While we endorse the practice of full disclosure adopted by counsel in *United States v. Schaffer, supra*, we find nothing in either counsel's actions in the case *sub judice* which abridged appellant's fundamental right to enter a voluntary guilty plea.

Accordingly, the findings and sentence as approved on review below are affirmed.