UNITED STATES, Appellee,

v.

Curtis D. CROWLEY, Private, U. S. Army, Appellant.

No. 34,891.

SPCM 12550.

U. S. Court of Military Appeals.

Sept. 24, 1979.

For Appellant: *Colonel Robert B. Clarke, Lieutenant Colonel John R. Thornock, Ma-*

jor *Benjamin A. Sims, Captain Buren R. Shields, III, Captain Larry C. Schafer, Captain Willard E. Nyman, III, Captain Julius Rothlein.*

For Appellee: *Colonel Thomas H. Davis, Lieutenant Colonel R. R. Boller, Major Steven M. Werner, Captain Glen D. Lause.*

Opinion of the Court

FLETCHER, Chief Judge:

This Court has granted review in the present case on the following assignment of error:

WHETHER THE MILITARY JUDGE'S INQUIRY INTO THE TERMS AND CONDITIONS OF THE PRETRIAL AGREEMENT WAS INSUFFICIENT TO COMPLY WITH THIS COURT'S MANDATE.

Review of the record of trial indicates that the military judge only substantially complied with the requirements denominated in *United States v. Green,* 1 M.J. 453 (C.M.A.1976), for accepting a valid guilty plea. Such a level of compliance was clearly rejected in *United States v. King,* 3 M.J. 458, 459 (C.M.A.1977). Yet, the appellant's plea was accepted at a time in between these two decisions. Some confusion may have existed during this interim period.[1] Accordingly, this conviction shall not be reversed and the guilty plea invalidated on the showing of mere substantial compliance with our decision in *United States v. Green, supra,* since the guilty plea was accepted prior to the decision date in *United States v. King, supra.*[2]

The decision of the United States Army Court of Military Review is affirmed.

PERRY, Judge (concurring): *

I concur. Under the facts and circumstances shown by the record and the pleadings, no relief is warranted. *United States v. Hendon,* 6 M.J. 171 (C.M.A.1979).

---

1. E. g., *United States v. Crowley,* 3 M.J. 988 (A.C.M.R.1977).

2. *See United States v. Hendon,* 6 M.J. 171 (C.M.A.1979).

* Judge Matthew J. Perry took final action in this case prior to his resignation as a judge of this Court pursuant to his appointment and confirmation as a United States District Judge for the District of South Carolina.

COOK, Judge (concurring in result):

A majority of the Court held in *United States v. King*, 3 M.J. 458 (C.M.A.1977), that substantial compliance with the requirements set forth in *United States v. Green*, 1 M.J. 453 (C.M.A.1976), was not sufficient. The conviction was reversed because:

> [T]he military judge failed to secure from the defense counsel as well as the prosecutor confirmation that the written agreement encompassed all of the understandings of the parties, and that the judge's interpretation of the agreement comported with their understanding both as to the meaning and effect of the plea bargain.

3 M.J. at 459. I dissented on the basis that the accused had not been prejudiced. 3 M.J. at 460. Subsequently, in *United States v. Hendon*, 6 M.J. 171 (C.M.A.1979), I authored an opinion in which an accused claimed that a trial judge failed to comply with *King* and *Green*. I noted in *Hendon* "that the inquiry was adequate." *Id.* at 172. Judge Perry, in a separate opinion, observed as follows:

> I agree with the principal opinion that the trial judge's inquiry of the accused and counsel regarding the pretrial agreement was adequate to meet this Court's announced standards in this area.

*Id.* at 175. Finally, Chief Judge Fletcher stated in a separate opinion:

> I concur in the majority opinion as to resolution of the question that falls within the purview of *United States v. Green*, . . . and *United States v. King* . . . [*Id.*]

The trial judge in *Hendon* failed to obtain assurances from counsel that his interpretation of the pretrial agreement comported with counsel's interpretation (the relevant portion of the transcript is attached as Appendix I). As I interpret the principal opinion in the present case, it adheres to the holding in *King* that substantial compliance is insufficient, but refuses to apply its doctrine to cases tried before *King* was decided. However, *Hendon* was affirmed on the basis that substantial compliance satisfied the requirements of *Green*, rather than the inapplicability of *King*. I fear the Court has traveled an inconsistent course in resolving the issue. As in *King* and *Hendon*, I would continue to test for prejudice and I find none in the present case. Accordingly, I join in affirming the decision of the Court of Military Review.

MJ: Are you pleading guilty voluntarily of your own free will?

ACC (PFC Hendon): Yes, sir.

MJ: Private Lewis, have you had enough time to talk to Captain Tudor about your case?

ACC (PV2 Lewis): Yes, sir.

MJ: Are you satisfied that his advice is in your best interest?

ACC (PV2 Lewis): Yes, sir.

MJ: Are you satisfied with Captain Tudor as your defense counsel?

ACC (PV2 Lewis): Yes, sir.

MJ: Has anybody put any pressure of any kind on you to get you to plead guilty?

ACC (PV2 Lewis): No, sir.

MJ: Are you pleading voluntarily of your own free will?

ACC (PV2 Lewis): Yes, sir.

MJ: Is there a pretrial agreement as to each accused?

TC: Yes, Your Honor.

MJ: Under the circumstances, I do not want to see the convening authority's portion of the agreement in either case. I would ask that any other portions be marked as appellate exhibits and shown to me and show each accused the convening authority's portion and have those marked also.

MJ: Private First Class Hendon, do you have a copy of what the convening authority has agreed to do in return for your offer to plead guilty there in front of you?

ACC (PFC Hendon): You mean this right here, sir?

MJ: Is that it, Captain Carroll?

DC (CPT Carroll): This is the convening authority's portion?

MJ: Yes. Would you give that to Private First Class Hendon please.

(CPT Carroll did as directed.)

MJ: Private First Class Hendon, would you read that to yourself please.

MJ: Private Lewis, do you have the convening authority's portion of the agreement in your hand now?

ACC (PV 2 Lewis): Yes, sir.

MJ: Would you read it to yourself again please.

(Both accused did as directed.)

MJ: To the knowledge of any counsel, is there any agreement or understanding in connection with either of these offers to plead guilty that is not contained in the offer and the appendix thereto?

TC: None of which the Government is aware.

DC (CPT Carroll): No, Your Honor.

DC (CPT Tudor): None of which we are aware of, Your Honor, for Private Lewis.

MJ: Private First Class Hendon, having just read what the convening authority has agreed to do in return for your offer to plead guilty, do you have any question about that at all?

ACC (PFC Hendon): No, sir.

MJ: Do you have any question about any part of this agreement you've made with the convening authority?

ACC (PFC Hendon): No, sir.

MJ: Private Lewis, do you have any question at all about what the convening authority has agreed to do in return for your offer to plead guilty?

ACC (PV2 Lewis): No, sir.

MJ: Does each of you understand that, even though you've entered into this agreement with the convening authority, up until such time as I might formally accept your plea, you have an absolute unqualified right to change your mind and change your plea as to either or both of these charges?

ACC (PFC Hendon): I understand, sir.

ACC (PV2 Lewis): Yes, sir.

MJ: Private First Class Hendon, did you read this Stipulation of Fact carefully before you signed it?

ACC (PFC Hendon): Yes, sir.

MJ: Private Lewis, did you read the stipulation carefully before you signed it?

ACC (PV2 Lewis): Yes, sir.

MJ: Private First Class Hendon, as far as you know, is there anything contained in the stipulation that is not true?

ACC (PFC Hendon): No, sir, not that I know of right now.

MJ: Private Lewis, is there anything in the stipulation that you know of that is not true?

ACC (PV2 Lewis): No, sir.

MJ: Private First Class Hendon, do you still want to plead guilty?

ACC (PFC Hendon): Yes, sir, I do.

MJ: Private Lewis, do you still want to plead guilty?

ACC (PV2 Lewis): Yes, sir.