**UNITED STATES**

v.

**Perrie Kent PETERS, 406 92 3633, Seaman Apprentice (E–2), U. S. Navy.**

**NMCM 80 0640.**

U. S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 5 Oct. 1979.

Decided 12 Aug. 1981.

CAPT Joseph M. Poirier, USMC, Appellate Defense Counsel.

LT Wm. Eric Minamyer, JAGC, USNR, Appellate Government Counsel.

Before GLADIS, Senior Judge, and BOHLEN and ABERNATHY, JJ.

BOHLEN, Judge:

Appellant was found guilty in accordance with his pleas of an unauthorized absence

of approximately 30 days and possession of lysergic acid diethylamide (LSD), violations of Articles 86 and 92, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 886, 892, respectively, and sentenced by a special court-martial composed of officer members to a bad-conduct discharge, confinement at hard labor for six months and reduction to pay grade E–1. The convening and supervisory authorities approved the adjudged sentence.

■ On appeal appellant contends, among other things, that his plea to Charge II, concerning a violation of Article 92, UCMJ, was improvident because it was induced by false assurances that unlawful search and defective chain of custody issues, raised at trial by defense motions to suppress, would be preserved for appellate review. Having considered the record, we agree with appellant's contention.

At trial, appellant moved to suppress admission of the LSD on two grounds: first, that the search of appellant's person and the subsequent seizure of the contraband was without consent; and second, that the evidence seized could not be properly identified and authenticated for admission at trial because of two fatal links in the government's chain of custody. The trial judge, after an extensive examination of the events surrounding the search and seizure and the suspect links in the chain of custody, denied appellant's motion.

Thereafter, appellant specifically renounced an advantageous, bargained-for pretrial agreement, pleaded guilty to Charge I and chose to plead guilty to Charge II upon one consideration: that the issues of search and seizure and chain of custody litigated at trial would be "preserved for appellate scrutiny." The trial judge, citing considerations of public policy, judicial efficiency, and *United States v. Williams*, 41 C.M.R. 426 (A.C.M.R.1969), assured appellant that his plea of guilty to Charge II would be entered, "with the proviso that the issues with regard to consent, search and seizure, and the chain of custody . . . will remain issues for review in the particular case." (R. 133).

■ It is well-settled that in order to satisfy the requirements of due process, a guilty plea must be voluntary. *Brady v. United States*, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); *Von Moltke v. Gillies*, 332 U.S. 708, 68 S.Ct. 316, 92 L.Ed. 309 (1948); *Kercheval v. United States*, 274 U.S. 220, 47 S.Ct. 582, 71 L.Ed. 839 (1927). See 21 Am.Jur.2d *Criminal Law* § 485. An accused must possess a correct understanding of the law in relation to the facts of his case in order that his plea of guilty be considered provident and voluntary. *United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969); *United States v. Cordova*, 4 M.J. 604 (A.C.M.R.1977). The standard as to voluntariness of guilty pleas must be essentially that a plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel, must stand unless induced by misrepresentation, including unfulfilled or unfulfillable promises, or perhaps by promises that are by their nature improper, having no proper relationship to the court's business. *Brady v. United States, supra*. See *Machibroda v. United States*, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962); *Shelton v. United States*, 356 U.S. 26, 78 S.Ct. 563, 2 L.Ed.2d 579 (1958); *United States v. McIntosh*, 43 C.M.R. 574 (A.C.M.R. 1970), *pet. denied*, 21 U.S.C.M.A. 645, 43 C.M.R. 413 (1970).

■ It is axiomatic that a voluntary plea of guilty waives nonjurisdictional defects occurring during earlier stages of trial. Both the Court of Military Appeals and this Court have consistently held that a plea of guilty following the denial of a motion to suppress evidence waives the right to a review of that ruling on appeal. *See e. g., United States v. Hamil*, 15 U.S.C.M.A 110, 35 C.M.R. 82, 84 (1962); *United States v. Dixon*, 8 M.J. 858, 863 (N.C.M.R.1980); *United States v. McIver*, 4 M.J. 900, 904 (N.C.M.R.1978). The logic of this well-established position is clearly expressed in *United States v. Hamil, supra* at 111, 35 C.M.R. at 83:

A voluntary and informed plea of guilty does not necessarily preclude appellate review of the denial of the constitutionally protected right of an accused. *See Shelton v. United States*, 292 F.2d 346, 347 (CA 7th Cir.) (1961), *cert. den.* 369 U.S. 877, 82 S.Ct. 1149, 8 L.Ed.2d 280 (1962). This Court, for example, has held that, notwithstanding a plea of guilty, the accused is entitled to review of a ruling denying his motion to dismiss the charges for an alleged deprivation of his right to a speedy trial. *United States v. Davis*, 11 U.S.C.M.A. 410, 29 C.M.R. 226. Vindication of that constitutional right is unrelated to the admissions of fact contained in the plea, and therefore, can present an independent justiciable issue. However, the right to be free from unreasonable search and seizure is not judicially recognized as a mere abstract principle, but is vindicated by keeping out of evidence the results of the search or seizure. *If a fact is judicially admitted by the accused, no legal or practical purpose can be served by reviewing the propriety of the search which produced some evidence of the conceded fact.*

(Emphasis added). *See United States v. Johnson*, 20 U.S.C.M.A. 592, 44 C.M.R. 22 (1971).

In the present instance, the military judge induced appellant's guilty plea to Charge II with misrepresentations of law and promises that were unfulfillable and clearly improper. Appellant made absolutely clear on the record of trial that a guilty plea to Charge II was based solely and entirely upon the military judge's assurance that the motion to suppress would be preserved for appellate review. Appellant could have pled guilty on the basis of a clearly advantageous pretrial agreement, or appellant could have pled not guilty to Charge II and required the government to prove its entire case, thereby preserving for review the motion to suppress. Considerations of public policy and judicial efficiency, cited by the military judge as a basis for this inducement, would have been more than adequately substantiated by either of the above alternatives available to appellant. This Court does not recognize the doctrine established in *United States v. Williams, supra*, nor will we allow a procedural end-run to maneuver around the well-recognized doctrine of waiver and guilty pleas.

Accordingly, we find that appellant's plea of guilty to Charge II, based upon misrepresentations of law and unfulfillable promises concerning appellate review of appellant's motion to suppress, was involuntary and improvident. The finding as to Charge II is set aside. The record is returned to the Judge Advocate General of the Navy for remand to the convening authority who may set aside the sentence and order a rehearing on Charge II and the sentence. If the convening authority finds that a rehearing is impracticable, he shall dismiss Charge II and reassess the sentence in light of appellant's provident guilty plea to Charge I.

Senior Judge GLADIS and Judge ABERNATHY concur.