**UNITED STATES**

v.

**Darrell H. LEWIS, 450 06 9723,
Signalman Third Class (E–3),
U. S. Naval Reserve.**

**NMCM 81 1023.**

U. S. Navy-Marine Corps Court of
Military Review.

Sentence Adjudged 2 Aug. 1980.

Decided 29 Jan. 1982.

LT Henry J. Howard, JAGC, USNR, Appellate Defense Counsel.

LCDR Michael R. McGuire, JAGC, USN, Appellate Government Counsel.

Before GLADIS, Senior Judge, and BOHLEN and BYRNE, JJ.

GLADIS, Senior Judge:

The accused was convicted at a general court-martial bench trial, pursuant to his pleas of guilty entered in accordance with a pretrial agreement, of housebreaking and indecent assault, in violation of Articles 130 and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 930 and 934. He was sentenced to a bad-conduct discharge, confinement at hard labor for 12 months, forfeiture of $275.00 per month for 12 months, and reduction to pay grade E–1. The convening authority reduced the forfeitures to $275.00 per month for 5 months and otherwise approved the sentence, but probationally suspended the discharge and confinement in excess of 5 months.[1]

In response to our request for briefs on the issue, the accused now contends on appeal that, in light of our holding in *United States v. Peters,* 11 M.J. 875 (N.M.C.M.R. 1981), his guilty pleas were improvident because they were induced by false assurances that his pleas did not waive the right to review of the military judge's rulings on motions which are waived by guilty pleas. We reject his contention and review the rulings, declining to apply the holding in *Peters* retroactively.

Individual military defense counsel made numerous motions at trial. After the military judge ruled on these motions, denying many of them, including motions to reopen the Article 32 investigation and to require a new Article 34 advice, the accused pleaded guilty, pursuant to a pretrial agreement which provided for withdrawal of charges

---

1. The military judge and the parties construed the pretrial agreement to require the convening authority to suspend forfeitures in excess of $224.00 per month for 5 months. (R. 297–299).

alleging attempted murder, assault upon a child under the age of 16 years, and simple assault, in violation of Articles 80 and 128, UCMJ, 10 U.S.C. §§ 880 and 928, and for partial suspension of the sentence.[2] The agreement also contained the following provision:

It is further understood by and between the accused and the Convening Authority that a guilty plea does *not* waive any of the defense motions either at trial level or on review and such motions shall be reviewed and such relief granted as if a not guilty plea had been entered.

Although the military judge noted that this provision was not in accordance with applicable military case law, he upheld the provision because it inured to the benefit of the accused.

■ A voluntary plea of guilty on the advice of counsel waives all nonjurisdictional defects in all earlier stages of the proceedings against an accused. *United States v. Lopez,* 20 U.S.C.M.A. 268, 42 C.M.R. 268 (1970) (defective Article 32 investigation); *United States v. Packer,* 8 M.J. 785, 787, 788 (N.C.M.R.1980) (defective Article 32 investigation and Article 34 advice).

But in *United States v. Williams,* 41 C.M.R. 426 (A.C.M.R.1969), the Army Court held that the doctrine of waiver would not be invoked upon appeal where the accused entered a guilty plea in reliance on the advice of the law officer that an issue which the Court of Military Appeals had held to be waived by a guilty plea could be raised on appeal.

In *United States v. Dean,* 41 C.M.R. 763 (N.C.M.R.1969), we rejected the Government's contention that the accused had waived his right to assert an issue on appeal when he received assurances from the law officer that the issue would be preserved,

holding that the plea was not advisedly and voluntarily made. We considered and decided the issue, the admissibility of evidence produced by a contested search, however. The apparent basis for the holding was not only that the plea was based on a misunderstanding of law confirmed by the law officer but also that the plea was improvident because it was based on the evidence which the law officer erroneously admitted.[3]

In *United States v. Peters, supra,* this Court unequivocally held that a plea of guilty, induced by assurances that issues waived by a guilty plea would be preserved on appeal, was involuntary and improvident.

We have dealt previously with the matter of retroactive application of new rules of criminal law. In *United States v. Harrell,* 5 M.J. 604, 606 (N.C.M.R.1978) (*en banc*), we noted that:

The Constitution neither prohibits nor requires retrospective effect for decisions expounding new rules affecting criminal trials. *Desist v. United States,* 394 U.S. 244, 89 S.Ct. 1030, 22 L.Ed.2d 248 (1969). Unless the purpose of the new rule is to overcome an aspect of the criminal trial that substantially impairs its truth-finding function, and so raises serious questions about the accuracy of guilty verdicts in past trials, the criteria guiding resolution of the retroactivity question implicate: (a) the purpose to be served by the new standards; (b) the extent of the reliance by law enforcement authorities on the old standards; and (c) the effect on the administration of justice of new standards. *Adams v. Illinois,* 405 U.S. 278, 92 S.Ct. 916, 31 L.Ed.2d 202 (1972); *Stovall v. Denno,* 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967). *See United States v. Jackson,* 3 M.J. 101 (C.M.A. 1977).

*See also United States v. Stuckey,* 10 M.J. 347 (C.M.A.1981).

2. Prior to entry of pleas, the military judge had granted a defense motion to dismiss one of the specifications the convening authority agreed to withdraw.

3. *Dean* has been cited for the proposition that when a plea was induced by the representation

of the military judge which led an accused to believe that the plea would not waive appellate review of any issue, courts will not apply the waiver doctrine. *See* Vitaris, *The Guilty Plea's Impact On Appellate Review,* 13 The Advocate 236 at 244.

Decisions clarifying rules may be given only prospective effect if the statement of the original rule was equivocal or resulted in confusion as to its applicability. *See United States v. Crowley,* 7 M.J. 336 (C.M.A.1979), which applied the rule establishing standards for plea bargain inquiries in *United States v. King,* 3 M.J. 458 (C.M.A. 1977) prospectively, although the rule is a restatement of the rule announced in *United States v. Green,* 1 M.J. 453 (C.M.A.1976).[4]

Balancing the purpose to be served by the *Peters* rule against the adverse effect on the administration of military justice, which effect would result from the retroactive application of *Peters* to cases in which there has been reliance on the contrary holding in *United States v. Williams, supra,* we find that prospective application of the *Peters* rule to cases tried or retried more than 30 days after the date of the *Peters* decision is more equitable than applying the rule retroactively. Therefore, we so limit the applicability of the *Peters* rule. *Dean, supra,* does not compel a different result. As noted above, the holding in *Dean* lacked clarity and engendered confusion. Consequently, prospective application of the *Peters* rule is appropriate. *See United States v. Crowley, supra.*

Accordingly, we have examined the record of trial and reviewed the judge's rulings on the defense motions raised prior to entry of the accused's guilty pleas. We find no merit in the issues raised by the defense which were decided adversely to the accused and no error materially prejudicial to the substantial rights of the accused, except that, as indicated in footnote 1, the approved forfeitures exceed the amount authorized by the pretrial agreement as construed by the parties. We shall modify the sentence to remedy this discrepancy. Therefore, the findings of guilty and only so much of the sentence approved on review below as provides for a bad-conduct discharge, confinement at hard labor for 12 months, forfeiture of $224.00 per month for 5 months, and reduction to pay grade E–1, with the discharge and confinement in excess of 5 months probationally suspended until 1 February 1981, are affirmed.

Judge BOHLEN and Judge BYRNE concur.

---

4. After the rule in *Green* was announced, there was confusion as to whether literal compliance was required or substantial compliance was sufficient. *King* clarified the rule by unequivocally requiring literal compliance. *Crowley,* subsequently limited *King* to prospective application.