UNITED STATES, Appellee,

v.

Private (E–2) Warren M. HIGA, SSN 576–74–0226, United States Army, Appellant.

CM 440347.

U. S. Army Court of Military Review.

18 Feb. 1982.

AR 600–85, as quoted in the lead opinion.

Colonel Edward S. Adamkewicz, Jr., JAGC, Major Raymond C. Ruppert, JAGC, Major Robert C. Rhodes, JAGC, Captain James A. McAtamney, JAGC, and Captain Marcus C. McCarty, JAGC, were on the pleadings for appellant.

Colonel R. R. Boller, JAGC, Major John T. Edwards, JAGC, Major John T. Meixell, JAGC, Captain Paul K. Cascio, JAGC, and Captain Michael E. Pfau, JAGC, were on the pleadings for appellee.

Before CARNE, Senior Judge, and O'DONNELL and FOREMAN, JJ.

## OPINION OF THE COURT

FOREMAN, Judge:

Pursuant to his pleas, the appellant was convicted of the sale, transfer and possession of heroin, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (1976). He was sentenced to a bad-conduct discharge, confinement at hard labor for 18 months, total forfeitures, and reduction to Private E–1. In accordance with the terms of a pretrial agreement, the convening authority reduced the confine-ment to 15 months and reduced the forfei-tures to forfeiture of $200.00 pay per month for 15 months.

At the initial session of the trial on 26 August 1980 the trial defense counsel moved to suppress certain evidence on the ground that it was obtained in violation of the appellant's rights under the Fourth, Fifth and Sixth Amendments and Article 31, Uniform Code of Military Justice, 10 U.S.C. § 831 (1976). Since the appellant had requested a bench trial, the military judge deferred ruling until the evidence was offered during the presentation of the case on the merits. The appellant entered pleas of not guilty to the charge and specifi-cations.

After evidence relevant to the motions had been received and the motions were denied, the court was recessed until 19 Sep-tember 1980, at which time the appellant changed his pleas to guilty. The trial de-fense counsel announced that "this plea is conditioned on the understanding that the doctrine of waiver will not apply to the suppression motions; that is, if this is agreeable to the trial counsel and the mili-tary judge." The military judge stated that it was "certainly agreeable" to him; the trial counsel also agreed. The military judge then advised the appellant that his pleas of guilty would not waive appellate consideration of the issues regarding the lawfulness of the search or the voluntari-ness of his incriminating statements. The conditional plea was not part of the pretrial agreement.

The appellant now contends that his pleas of guilty were improvident because they were premised on the erroneous assumption that the guilty plea would not waive appel-late review of the military judge's rulings on the suppression motions. We agree that the pleas of guilty were improvident in this case.

A plea of guilty, providently en-tered, waives all objections pertaining to the voluntariness of a confession or the lawfulness of a search. Mil.R.Evid. 304(d)(5), 311(i). This trial began before 1

September 1980, the effective date of the Military Rules of Evidence, but the pleas of guilty were entered after the effective date. *See* Executive Order 12198, 3 C.F.R. 151, 226 (1980). We need not decide whether the Military Rules of Evidence are applicable to the guilty plea in this case, since Mil.R.Evid. 304(d)(5) and 311(i) are merely a codification of prior case law and make no significant changes in the legal effect of a guilty plea. *See United States v. Dusenberry*, 23 U.S.C.M.A. 287, 49 C.M.R. 536 (1975); *United States v. Hamil*, 15 U.S.C.M.A. 110, 35 C.M.R. 82 (1964).

■ The conviction in this case is based upon the guilty plea, not the evidence which was the subject of the defense motions to suppress. Therefore, "no legal or practical purpose can be served by reviewing the propriety of allegedly illegal police conduct which only produces some evidence of a fact now conclusively established and judicially admitted by an accused in his plea of guilty." *Dusenberry, supra,* at 290, 49 C.M.R. at 539; *Hamil, supra,* at 111, 35 C.M.R. at 83.

■ While there are sound arguments which can be made in favor of permitting conditional guilty pleas, military appellate courts consistently have held that a guilty plea waives appellate review of evidentiary objections, and this view has now been codified in Mil.R.Evid. 304(d)(5) and 311(i).[1] The parties to the trial have no authority to negotiate a change in the legal effect of a guilty plea or the scope of appellate review.

■ Since the military judge incorrectly advised the appellant that he preserved his objections in spite of the guilty plea, the appellant's plea was based on a substantial misunderstanding of the legal effect of his pleas. As such it was improvident. *McCarthy v. United States*, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969); *see United States v. Peters*, 11 M.J. 875 (N.M.C.M.R. 1981)[2]; *see generally United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969).

The findings of guilty and the sentence are set aside. A rehearing may be ordered by the same or a different convening authority.

Senior Judge CARNE and Judge O'DONNELL concur.

1. The federal courts are split on the permissibility of a conditional guilty plea. *See United States v. DePoli*, 628 F.2d 779, 781 n.1 (2d Cir. 1980). However, unlike judges in courts-martial, federal judges may accept a "tactical" guilty plea even though the defendant continues to assert his innocence. *See e.g., United States v. Neel*, 547 F.2d 95 (9th Cir. 1977); *United States v. Barker*, 514 F.2d 208 (D.C. Cir.), *cert. denied*, 421 U.S. 1013, 95 S.Ct. 2420, 44 L.Ed.2d 682 (1975); *compare* Rule 11, Fed.R. Crim.P., *with* Manual for Courts-Martial, United States, 1969 (Revised edition), paragraph 70b(3). There is no equivalent of Mil.R.Evid. 304(d)(5) and 311(i) in the Federal Rules of Evidence or the Federal Rules of Criminal Procedure.

2. Although the Navy-Marine Corps Court of Military Review has declined to follow "the doctrine established in *United States v. Williams*, [41 C.M.R. 426 (A.C.M.R.1969) ]," *United States v. Peters*, 11 M.J. 875, 877 (N.M.C.M.R. 1981), we note that the *Williams* case is consistent with both *Peters* and our holding in this case in that the court in *Williams* held the purported conditional guilty plea to be improvident. However, in *Williams* the court did not authorize a rehearing but rather, apparently for reasons of judicial economy, adjudicated the evidentiary issue in favor of the appellant and dismissed the charges.