**UNITED STATES, Appellee,**

v.

**Private First Class Henry C. MALLETT, Jr., SSN 297–56–4555, United States Army, Appellant.**

**CM 440297.**

U. S. Army Court of Military Review.

22 March 1982.

Colonel Edward S. Adamkewicz, Jr., JAGC, Major Robert C. Rhodes, JAGC, and Captain Jon S. Pascale, JAGC, were on the pleadings for appellant.

Colonel R. R. Boller, JAGC, Major Ted B. Borek, JAGC, Major John T. Meixell, JAGC, and Captain Mark S. Julius, JAGC, were on the pleadings for appellee.

Before FULTON, CLAUSE and COHEN, Appellate Military Judges.

## OPINION OF THE COURT

CLAUSE, Judge:

Appellant was convicted, pursuant to his plea, by a general court-martial of violation of a lawful general regulation by wrongfully possessing phencyclidine. He was sentenced to a dishonorable discharge, confinement at hard labor for one year, forfeiture of all pay and allowances for one year, and to be reduced to the grade of E–1. The convening authority approved the sentence, but reduced the confinement portion to eight months pursuant to a pretrial agreement.

Appellant alleges that the military judge erred by failing to grant his motion to suppress certain evidence discovered incident to appellant's apprehension. The lawfulness of the apprehension was conceded. The only issue concerns the scope of the search incident thereto.

After denial of the motion to suppress, the appellant entered a plea of guilty. The military judge fully advised the appellant that his guilty plea would waive appellate review of the contested search and seizure issue. Appellant acknowledged that he understood the judge's explanation, but persisted in his guilty plea. It was brought to the judge's attention that the pretrial agreement contained the following provision:

It is the intent of the parties that the accused's plea of guilty will not waive consideration of the defense's motion for suppression by the appellate courts. If, however, the appellate courts hold that the accused's plea of guilty does in fact

waive consideration of the motion for suppression on appeal it is nevertheless the intent of the parties that the plea of guilty stand.

After taking under advisement the effect of this provision, as well as the arguments of counsel thereon, the military judge determined that the provision would not change the law concerning appellate review. He advised the appellant that he did not consider this provision as having any legal effect upon the fact that his guilty plea would waive appellate review of the search and seizure motion. With this understanding the appellant persisted in his plea of guilty.

The military judge correctly advised the appellant that military law provided that a provident plea of guilty would waive any right to appellate review of his search and seizure issue. *United States v. Hamil,* 15 U.S.C.M.A. 110, 35 C.M.R. 82 (1964). At the time of appellant's trial there was no military law on the effect of a negotiated conditional guilty plea which attempted to preserve an issue normally waived.* Subsequent thereto the Navy-Marine Corps Court of Military Review, in *United States v. Peters,* 11 M.J. 875 (N.M.C.M.R.1981), relying on the "well-recognized doctrine of waiver and guilty pleas," refused to review a search and seizure issue which the parties had attempted to preserve for review by a conditional guilty plea agreement. The Court also found the plea to be improvident

as it was entered upon the mistaken belief that the issue would be preserved. In *United States v. Higa,* 12 M.J. 1008 (A.C.M.R. 1982), a panel of this Court similarly refused to review a search and seizure issue where at trial the accused with the concurrence of the government counsel and the judge, entered a plea of guilty conditioned upon the understanding that the doctrine of waiver would not apply to the suppression motion. They determined the plea to be improvident because the military judge had incorrectly advised the appellant that he preserved his objection in spite of the guilty plea and consequently the plea was based on a substantial misunderstanding of its legal effect.

We hold that the appellant's guilty plea waived consideration of the search and seizure issue in this case despite the attempt by the parties to limit application of the waiver rule by a pretrial negotiation. Unlike the cases of *Peters* and *Higa* we do not have a problem with the voluntariness of appellant's plea. The pretrial agreement made clear that appellant would enter his guilty plea with the full understanding that the condition might not be accepted by the appellate courts. In addition, the military judge conducted an exhaustive inquiry into the intent and understanding of the parties. He determined that appellant's plea was voluntary and provident despite the attempt to preserve the search and seizure issue which he considered to be ineffective.

* The question of whether to permit conditional guilty pleas has been considered by both federal and state courts. Various jurisdictions have developed procedures that permit an accused to condition his guilty plea and thereby reserve nonjurisdictional issues for appellate review. The federal courts appear to be generally split on the issue. The Advisory Committee on the Federal Rules of Criminal Procedure has recently recommended an amendment to Rule 11 to provide for the acceptance of conditional pleas. Some state legislatures have enacted conditional guilty plea legislation (generally limited to search and seizure issues), while in other instances appellate courts have sanctioned the practice on a policy basis as an exception to the traditional common law rule of waiver. As noted in *United States v. Higa,* 12 M.J. 1008 (A.C.M.R.1982), the recently enacted Military Rules of Evidence adopted the tradi-

tional rule of waiver without providing for conditional guilty pleas.

The question of whether to permit conditional guilty pleas is not easily answered. *See* Comment, *Conditional Guilty Pleas: Post-Guilty Plea Appeal of Nonjurisdictional Issues,* 26 U.C.L.A.L.Rev. 360 (1978); *United States v. Thibadeau,* 30 Cr.L.Rep. (BNA) 2391 (2d Cir., 27 Jan. 1982). If a change to the traditional military rule of waiver were to be adopted it could best be accomplished by a change to the Manual rules of evidence or procedure. Any change should be preceded by a full study of the desirability of such a procedure and a determination of what limitations should be imposed. A change, if adopted, would provide a clear mandate to the courts for uniform application and impose such limitations on its use as are deemed appropriate.

Under these circumstances we have no hesitation in determining that the plea was provident. *See United States v. Dusenberry,* 23 U.S.C.M.A. 287, 49 C.M.R. 536 (1975).

The findings of guilty and the sentence are affirmed.

Senior Judge FULTON and Judge COHEN concur.