UNITED STATES

v.

Senior Airman Christopher A. CRAVEN,
United States Air Force.

ACM 37451.

U.S. Air Force Court of Criminal Appeals.

Sentence Adjudged 25 March 2009.

19 May 2010.

Appellate Counsel for the Appellant: Major Shannon A. Bennett, Major Michael A. Burnat, and Captain Nicholas W. McCue.

Appellate Counsel for the United States: Colonel Douglas P. Cordova, Lieutenant Colonel Jeremy S. Weber, Captain Jamie L. Mendelson, and Gerald R. Bruce.

Before BRAND, JACKSON, and THOMPSON, Appellate Military Judges.

OPINION OF THE COURT

JACKSON, Senior Judge:

In accordance with the appellant's pleas, a military judge sitting as a general court-martial convicted him of one specification of divers possession of child pornography and one specification of obstructing justice, in violation of Article 134, UCMJ, 10 U.S.C. § 934. The adjudged sentence consists of a dishonorable discharge, 34 months of confinement, and reduction to the grade of E–1. The convening authority approved the dishonorable discharge, 28 months of confinement, and reduction to E–1.

On appeal, the appellant asks this Court to approve only so much of the sentence that calls for 28 months of confinement. As the basis for his request, the appellant opines that the convening authority violated the terms of the pretrial agreement by approving a sentence that included a dishonorable discharge and reduction in rank as the quantum portion of the agreement stated "[t]he ap-

proved sentence will not exceed confinement in excess of thirty-six months (36)." For the reasons set forth below, we affirm the findings and the sentence.

### Background

In April 2007, the appellant's wife discovered child pornography on the appellant's computer. She confronted the appellant and confided her discovery to other dependent spouses who, in turn, confided in AL, another dependent spouse. On 5 May 2007, AL confronted the appellant and his wife about the child pornography and threatened to report the appellant to law enforcement authorities. On 7 May 2007, as a result of the confrontation with AL, the appellant and his wife mailed their computers stateside to the appellant's mother-in-law.

On that same day, AL reported the appellant to Air Force Office of Special Investigations (AFOSI) agents. On 8 May 2007, AFOSI agents summoned the appellant to their office for an interview. After a proper rights advisement, the appellant waived his rights and confessed to downloading child pornography. The appellant also told the AFOSI agents that he mailed the computers stateside to his mother-in-law. On 8 June 2007, the United States Postal Inspection Service (USPIS) seized the computers from the United States mail and the United States Secret Service Computer Analysis Laboratory analyzed the hard drives. The analysis proved inconclusive. USPIS then forwarded the hard drives to AFOSI. AFOSI transferred the hard drives to the Defense Computer Forensic Laboratory, where analysts examined and discovered child pornography on the appellant's hard drive.

Prior to trial, the appellant and the convening authority entered into a pretrial agreement wherein the appellant agreed to plead guilty to the Charge and its Specifications in return for the convening authority's promise that "[t]he approved sentence will not exceed confinement in excess of thirty-six

months (36)." After announcing the sentence, the military judge read aloud the quantum portion of the pretrial agreement referenced above and the appellant confirmed that the military judge had correctly stated his sentence agreement with the convening authority. Both the trial defense counsel and the trial counsel concurred. The military judge then opined, and all parties agreed, that the pretrial agreement allowed the convening authority to approve the adjudged sentence.

On 15 April 2009, the convening authority's staff judge advocate, in his staff judge advocate's recommendation (SJAR), advised the convening authority that the pretrial agreement had no effect on the sentence the convening authority could approve. On 16 April 2009, the appellant and his trial defense counsel received a copy of the SJAR. On 1 May 2009, the appellant and his trial defense counsel submitted their clemency requests. They did not object to the SJAR or raise any issue with respect to the sentence the convening authority could approve. For the first time on appeal, the appellant, through appellate counsel, opines that his pretrial agreement prevents the convening authority from approving punishment other than confinement; thus, he avers that the convening authority was specifically prohibited from approving the dishonorable discharge and reduction in rank.

### Pretrial Agreement Interpretation

This is yet another case where the appellant raises a pretrial agreement interpretation issue at the eleventh hour.[1] "The interpretation of a pretrial agreement is a question of law, which is reviewed under a de novo standard." *United States v. Acevedo*, 50 M.J. 169, 172 (C.A.A.F.1999) (citing *United States v. Van Thournout*, 100 F.3d 590, 594 (8th Cir.1996); *United States v. Coleman*, 895 F.2d 501, 505 (8th Cir.1990)). "[W]e look to the basic principles of contract law when interpreting pretrial agreements." *Id.* (citing *Cooper v. United States*, 594 F.2d

---

1. *See, e.g., United States v. West*, ACM 36903 (A.F.Ct.Crim.App. 12 Sep 2008) (unpub. op.) (finding that where the appellant had received the benefit of his pretrial agreement, "the terms of which he clearly knew and understood and had ample opportunity to reject," and had raised

the issue of what portion of his adjudged sentence the convening authority could legally approve for the first time on appeal, it was "legally unfitting" to grant the appellant the requested relief), *review denied*, 67 M.J. 246 (C.A.A.F.2009).

12, 16 (4th Cir.1979)). "When the terms of a contract are unambiguous, the intent of the parties is discerned from the four corners of the contract." *Id.* (citing *United States v. Liranzo*, 944 F.2d 73, 77 (2d Cir. 1991)).

■ However, "[w]hen the contract is ambiguous on its face because a provision is open to more than one interpretation, extrinsic evidence is admissible to determine the meaning of the ambiguous term." *Id.* (citing *United States v. Ingram*, 979 F.2d 1179, 1184 (7th Cir.1992). In determining the parties' understanding on ambiguous pretrial agreement terms, this Court will give the greatest weight to the parties' stated understanding at trial, for it is at the pretrial and trial stages where pretrial agreement disagreements can better be resolved.[2] We also will consider the parties' stated understanding, if any, during Rules for Courts–Martial 1105 and 1106 submissions, for this stage provides the next best venue for resolving pretrial agreement disputes.[3] This Court will give the least amount of weight to the parties' stated understanding articulated for the first time on appeal.

■ Against this backdrop, we must determine whether the pretrial agreement provision in question is ambiguous. Whether a pretrial agreement is ambiguous on its face is a question of law we review de novo. *Ingram*, 979 F.2d at 1184.

Does the pretrial agreement provision at issue in this case mean, as the appellant suggests, that the convening authority can only approve an adjudged punishment of confinement and that confinement cannot exceed 36 months? Or does this provision mean, as the appellee suggests, that the convening authority can approve any adjudged punishment, but if the convening authority approves any adjudged confinement that confinement cannot exceed 36 months? The fact that the provision begins with the words "the approved sentence" rather than "the approved sentence to confinement" and the fact that the pretrial agreement does not contain language stating that "there are no other restrictions on the convening authority's ability to approve other forms of punishment that may be adjudged" supports the appellant's position. However, the fact that the provision discusses only confinement and does not contain language specifically limiting the convening authority's ability to approve other forms of adjudged punishment— for example, "only confinement, if confinement is adjudged, will be approved and no other forms of adjudged punishment will be approved" or "no punitive discharge, reduction in rank, or forfeitures, if adjudged, will be approved"—supports the appellee's position.

■ We find that the pretrial agreement provision is ambiguous and we cannot discern the parties' intent without examining extrinsic evidence that may shed light on the parties' intent.[4] On this point, we note that at trial all the parties agreed with the military judge's opinion that the convening authority could approve the sentence as adjudged. This alone convinces us that the parties intended the pretrial agreement provision to be a limitation only on the amount of confinement that could be approved and not a limitation on any other adjudged punishments that could be approved. Moreover, this finding is buttressed by the fact that neither the appellant nor his trial defense counsel objected to the SJAR, which stated that the pretrial agreement had no effect on the sentence the convening authority could approve.

---

**2.** *United States v. Acevedo*, 50 M.J. 169, 173 (C.A.A.F.1999) (citing *United States v. Passini*, 10 M.J. 108, 109 (C.M.A.1980); *United States v. Crowley*, 3 M.J. 988 (A.C.M.R.1977), *aff'd*, 7 M.J. 336 (C.M.A.1979)) (noting that a trial defense counsel is "under a continuing duty to reveal in open court any discrepancy between the defense understanding of the potential sentence and that adjudged by the court").

**3.** *See id.* (noting that one of the options an appellant and his trial defense counsel have to resolve pretrial agreement disputes is through their staff judge advocate recommendation response and clemency submissions).

**4.** We again stress the importance of drafting pretrial agreements in the clearest possible terms. Rule for Courts–Martial 705 and Air Force Instruction 51–201, *Administration of Military Justice*, Section 8C and Figure 8.1 (21 December 2007) are invaluable resources for drafting pretrial agreements.

Lastly, the fact that the appellant waited until this appeal to raise this as an issue belies his assertion that he believed his pretrial agreement forbade the approval of all types of adjudged punishment except confinement. Put simply, the appellant received the benefit of his pretrial agreement,[5] a 36-month cap on the adjudged confinement, and his actions both at trial and upon submission of his clemency matters convince us that the appellant and the convening authority had reached a mutual understanding of the sentence that could legally be approved. The appellant is therefore not entitled to any relief.

## Conclusion

The approved findings and sentence are correct in law and fact, and no error prejudicial to the substantial rights of the appellant occurred. Article 66(c), UCMJ, 10 U.S.C. § 866(c); *United States v. Reed,* 54 M.J. 37, 41 (C.A.A.F.2000). Accordingly, the approved findings and sentence are

AFFIRMED.

**5.** The appellant actually received more than the benefit of his pretrial agreement because the convening authority, at the appellant's request and in an exercise of clemency, only approved 28 months of confinement rather than the 34 months of confinement adjudged.